UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY COTTMAN,    Case No. 1:16-cv-296

    Plaintiff,    Barrett, J.
                                  Bowman, M.J.

    v.

CRYSTAL KING,

    Defendant.

**REPORT AND RECOMMENDATION**

On February 9, 2016, Plaintiff filed a document that was docketed as a "Complaint" against a single Defendant identified as Crystal King. However, the document accepted by the Clerk and filed as a new case was not accompanied either by the requisite $400.00 filing fee, or an application to proceed *in forma pauperis* (without payment of the filing fee). To the extent that the document lacked either the requisite filing fee or an application to proceed without payment, it was prematurely docketed as a new complaint. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). The form was also unsigned, in violation of Rule 11, Fed. R. Civ. P., and appeared to be somewhat duplicative of a prior complaint filed by the same plaintiff in Case No. 1:15-cv-68, which case was dismissed based upon a lack of federal jurisdiction as well as a failure to state any cognizable claim. (Doc. 4 in Case No. 1:15-cv-68). In the earlier case, one of the named defendants was Horizon Healthcare, which appears to be a privately operated nursing home facility at which Plaintiff still resides.[1]

---

[1] The address provided by Plaintiff in this case is identical to that provided in Case No. 1:15-cv-68.

In a deficiency order filed on February 17, 2016, the undersigned noted that the "complaint form filed in the above-captioned case is even more difficult to decipher than the complaint that Plaintiff previously filed in Case No. 1:15-cv-68," and appeared to concern events that occurred in 1990 or 1991.  While noting "it is likely that this Court lacks any jurisdiction over the claims and/or that any claims would be time-barred," the undersigned stated: "[B]ecause Plaintiff has yet to file either a signed complaint or an application to proceed without payment of a filing fee, the undersigned declines to fully review the issue of subject matter jurisdiction at this time."  (Doc. 2).

> The Court's February 17 Order concluded:
>
> Because Plaintiff has not yet paid the $400.00 filing fee or requested leave to proceed *in forma pauperis*, he will not be permitted to proceed further with the construed complaint.  He will also be required to sign his complaint before proceeding any further in this Court.  To the extent that Plaintiff intends to seek *in forma pauperis* status, he must not only file a properly completed application to proceed *in forma pauperis*, but must also submit a summons form and a properly completed United States Marshal form for the named Defendant, as well as an extra copy of his complaint for service.
>
> Plaintiff will be given thirty (30) days from the date of this Order in which to correct the multiple deficiencies evident on the face of the document that has been construed by the Clerk as a new civil complaint.  <u>If Plaintiff does not timely cure all the noted deficiencies, the undersigned will recommend dismissal of the construed complaint as improvidently filed and for failure to prosecute</u>.

(*Id*.).  The Court directed Plaintiff to cure the multiple deficiencies as noted within thirty days.  Plaintiff was warned a second time in the same short order that "[i[f Plaintiff fails to comply with this Deficiency Order within the requisite 30-day period, this case shall be dismissed."  (*Id*. at ¶3).

Plaintiff's deadline expired on March 18, 2016.  He has filed no response to the February 17, 2016 Order, and for all the reasons stated, **IT IS RECOMMENDED THAT**

2

Plaintiff's complaint be **DISMISSED WITH PREJUDICE**, for failure to comply with Rule 11, for failure to pay the requisite filing fee or complete an application to proceed in forma pauperis, for failure to comply with the Court's February 17 Order and to prosecute the complaint, for lack of federal jurisdiction, and for failure to state a claim.

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY COTTMAN,                                                Case No. 1:16-cv-296

       Plaintiff,                                                        Barrett, J.
                                                                                 Bowman, M.J.
  v.

CRYSTAL KING,

       Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).